First case this morning is case number 4-17-0391, N. Ray, L.H., hearing for the appellant is Attorney Carol, excuse me, Carrie McGurl, okay, thank you, counsel, and for the appellee is Attorney Luke McNeil, good morning, both, Ms. McGurl, are you ready to proceed? You may. May it please the court, counsel, the trial court's finding of unfitness in this matter is against the manifest weight of the evidence. According to the relevant statute, if a service plan has been established as required under section 8.2 of the Abused and Neglected Child Reporting Act to correct the conditions that were the basis for the removal of the child from the parent and if those services were available, then for the purposes of this act, failure to make reasonable progress toward the return of the child to the parties, to the parent, I'm sorry, includes the parent's failure to substantially fulfill his or her obligations under the service plan. The evidence in this case established through the testimony of the caseworker is that she did not know what services were available to the father, nor did she make any effort to determine what was available or what he had completed. There was no evidence that the services required under the plan were available, as such failure to substantially fulfill his obligations under the service plan does not necessarily equate to failure to make reasonable progress. The state failed to meet the burden of proof as to the father's unfitness, and the trial court erred in finding him unfit. With regard to the second argument, the trial court holding the father to a standard of substantial progress is not harmless, as the state would set forth. The statute requires reasonable progress. The difference between the two standards is not minor, with reasonable being defined as moderate or fair, and substantial as considerable in quantity, significantly great. The court did not find the father failed to make reasonable progress, but instead that he failed to make substantial progress. The court failed to make a finding on the less restrictive standard, the correct standard to be applied pursuant to the statute, which resulted in an error. While the state argues there was evidence the father failed to make any progress, the evidence actually shows the caseworker did not know what progress had been made. As such, the father was prejudiced by being held to the stricter standard. And for those reasons, I ask that you reverse the trial court's finding of unfitness against the father. Ms. McGreal, I have one question for you, and that is, was there evidence, affirmative evidence, presented at the time of the hearing that the respondent had participated in certain programs while he was incarcerated? Your Honor, he was not able to appear at the hearing to present evidence. He had not presented other than anecdotal statements that he had relayed to me, indicating he had participated in a 12-step program during his incarceration. He had participated in parenting education classes and was enrolling in some sort of education for an electrical program. There was no substantial evidence presented. Well, this is a civil proceeding. Couldn't you have offered that evidence in some other way prior to the matter to see if what the response might have been, request to admit, for instance? Yes, Your Honor. When I spoke to the caseworker, she indicated she had no desire to attempt to contact the father. It was, there was no way to contact him, although I found that I was able to contact him by phone, and I know he attempted to contact her, which she admitted to during her testimony. With regard to presenting any other evidence, I was not able to obtain any kind of certificates from him to show any demonstrable... Yes, Your Honor, it would have been a possibility. Also, when you're complaining about the remarks of the court, you made, talking about whether your client made substantial progress, was that at the time of the hearing? Yes, that was his finding. Now, you're suggesting that the trial court, because of the term used at the time, misunderstood the legal implications of substantial versus reasonable progress. That is what I've argued, yes. Well, you're looking at a panel composed of 30-plus years of trial judges, and I can't speak for them, but as a trial judge, I not infrequently would misspeak as I'm trying to explain my rulings, and I could sympathize with the judge here, I might have understood it to be standard for reasonable progress, and explaining my ruling talked about how he made no substantial progress. Isn't there a requirement, if you think this is such an important matter, to say, excuse me, judge, you're using the wrong standard when ruling against my client? Yes, Your Honor. But no one called that to his attention? I did not. Okay. Thank you, counsel. Thank you. Mr. McNeil. As for the unfitness finding, this wasn't the most substantial amount of evidence I've seen in one of these termination proceedings. However, the only testimony at this proceeding was the caseworker. She testified that she raided the service plan for Respondent Unsatisfactory. Respondent was incarcerated for the whole nine-month period, April 2016 through January 2017. Respondent failed to complete or even inquire how to start any of his service plan goals, and at the very least, although there was not much contact between the caseworker and his incarceration, at the very least, the caseworker testified that she not only mailed him the service plan to the prison, but also talked to him at least once regarding the service plan and its service plan goals. So Respondent was well aware of the goals that he needed to complete, well aware of the consequences of not participating with the service plan. Most importantly, he knew who to contact. He knew who to contact his caseworker. There's not even evidence of a call saying, I would love to participate in this service plan, I don't know how to go about it, or anything like that. There was literally no communication or expression of participation with the service plan. And of course, the State only had to prove by a preponderance of the evidence, not the usual standard I deal with beyond reasonable doubt. They only had to prove by a preponderance of the evidence that Respondent was unfit by at least one of these allegations in the petition. I would submit that the trial court's findings were not against the manifest way of the evidence. The opposite conclusion is not clearly evident here. Respondent's fighting an uphill battle as to the standard of review. As for the variation between the statute and the language used by the trial court, the statute 50-1DM2 says that a parent's unfit if he fails to make reasonable progress towards the return of the child during any nine-month period. The trial court and the petition both use the word substantial progress. This issue is clearly forfeited. There was no raising this at any time during the proceedings in the trial court. The first time was on misappeal, and it clearly does not rise to the level of plain error. The definition of reasonable progress in that same statute includes the parent's failure to, quote, substantially fulfill his or her obligations under the service plan. So the word substantial, while not the most ideal word for the trial court to use here, was not error and clearly not plain error. It doesn't even rise to the level of non-harmless error, because the undisputed testimony was that the respondent failed to make any progress on a service plan goal. So no matter what the language used by the trial court, whether it was reasonable progress, substantial progress, or even any progress, the undisputed evidence in this case clearly showed the respondent failed to make any progress. So because the respondent was not prejudiced, this isn't even non-harmless error, let alone plain error. The relaxation of the forfeiture rules should not be allowed here. And if the court has no questions, I would ask to affirm. I see no questions. Thank you. Ms. McGurk, rebuttal. I agree, Your Honor. As the State mentioned, this is not the case with the most substantial evidence. This is a very important right that parents have to raise their children, and I think it's important that more evidence than what was presented in this case be required prior to termination of a parent's rights. Additionally, the State indicated no communication was had between the caseworker and the father, that he did not make any attempt to communicate. The testimony of the caseworker was different. The testimony was that she had received correspondence from him. She did not respond. In fact, she admitted that he had such difficulty contacting her that he had his mother contact her. This is not a case where the father simply wrote off what he was required to do. He attempted to communicate in whatever ways he could, and he just met with no assistance. Thank you. Thank you. Thank you, Counsel Bowe. The case will be taken under advisement in the written decision challenge sheet.